UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Fenton Massage Company LLC

Case no. 26-32023
Ch. 11
Judge: Applebaum

Debtor.
_______________/

# FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND COMPENSATION

Fenton Massage Company LLC, ("Debtor"), by its proposed counsel, Bankruptcy Law Office, for its First Day Motion for an Order Authorizing Debtor to Pay Pre Petition Wages, Compensation, and Employee Benefits ("Motion") states:

## REQUEST FOR ENTRY OF ORDER SCHEDULING A HEARING

1. Debtor requires authorization to pay its pre-petition payroll obligations. Failure to make payroll, would have serious adverse consequences for Debtor's business and would result inirreparable harm to Debtor and Debtor's creditors.
2. Debtor has attached a proposed order as Exhibit "A" in compliance with Local Bankruptcy Rule 9013-l(b) (Bankr. E.D. Mich.).

## JURISDICTION

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and1334.
4. This is a core proceeding under 28 U.S.C. § 157(b).
5. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND DEBTOR'S BUSINESS

6. On September 8, 2026, ("Petition Date"). Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code.

7. Debtor continues to operate its business as debtor-in-possession under 11U.S.C. §§ 1107(a) and 1108.

8. In support of this Motion, Debtor submits the Declaration of Trina Molaski.

## DEBTOR'S WORKFORCE, EMPLOYEE OBLIGATIONS, AND EMPLOYEE BENEFITS

### A. DEBTOR'S WORKFORCE

9. In the ordinary course of business operations, Debtor directly employs twenty-five individuals, (collectively, "Employees") who work in different capacities for Debtor, including management, clerical, receptionist and massage therapist. No employees have claims for employee obligations in excess of $17,150. See 11 U.S.C § 507 (a)(4).

10. The Employees' knowledge and understanding of Debtor's operations and customer relations are essential to the effective restructuring of Debtor's business. Without the continued services of the Employees, an effective restructuring of Debtor would not be possible.

11. If pre-petition wage, compensation, benefit, and reimbursement amounts are not received by Employees in the ordinary course, they will suffer extreme personal hardship and, in many cases, will be unable to pay their basic living expenses. Debtor's failure to timely pay wages and compensation would destroy Employee morale and likely result in work

stoppages and sudden and unmanageable Employee turnover, causing immediate and pervasive damage to Debtor's on-going business operations and Debtor's ability to reorganize.

**B. EMPLOYEE OBLIGATIONS**

12. In the ordinary course of business, Debtor pays and honors certain amounts to its Employees (collectively, "Employee Obligations") for, among other things, (a) Employees' wages, salaries, and other compensation and (b) federal and state withholding taxes.

**Payment of Unpaid Compensation.**

13. Debtor pays wages and other compensation to its Employees on a weekly basis. Debtor's aggregate gross payroll for all Employees including state and federal employment taxes, paid including wages, salaries, and other forms of compensation ("Weekly Wages") averages approximately $12,000 per pay period. Debtor requests permission to pay the Unpaid Wages for the 7 days immediately preceding the Petition Date in an amount not to exceed $10,620.05.

**ii. Remitting and/or Paying Appropriate Deductions and withholdings.**

14. Debtor additionally requests authorization to withhold any amount from Employee wages and salaries consistent with Debtor's pre petition business practice, and to remit withheld amounts as required under any court orders, garnishments, and federal, state and local tax requirements associated with the Employee Obligations.

## C. EMPLOYEE BENEFITS

15. In the ordinary course of business operations, Debtor provides its Employees with no other benefits.

## RELIEF REQUESTED

16. To continue its business operations for the benefit of all creditors and to minimize the personal hardship to Debtor's employees during this critical time, Debtor seeks entry of an order authorizing the Debtor to:

    a. pay and honor all pre-petition Employee Obligations, including the unpaid Wages for the 7 days immediately preceding the petition date in an amount not to exceed $10,620.05.

    b. pay all costs and expenses required to be paid under, or incident to, the Employee Benefits to the extent any amounts accrued pre-petition and/or accrued post-petition but relate to the period before the Petition Date.

17. In order to effectuate the relief requested in this Motion, Debtor further requests that banks, and financial institutions be authorized and directed to receive, process, honor, and pay (to the extent sufficient funds are available in the applicable account(s) all checks presented for payment and fund electronic payments related to the Employee Obligations and Employee Benefits, whether the checks were presented or the funds transfer requests were submitted before or after the Petition Date.

18. Debtor is not requesting the assumption of any agreement in this Motion and, therefore, nothing contained in this Motion constitutes a request for authority to assume any policy, procedure, or executory contract that may be described or referenced in this Motion.

Debtor has satisfied Fed. R. Bankr. P. 6003.

19. Bankruptcy Rule 6003 provides that, "to the extent that relief is necessary to avoid immediate and in-eparable harm," a Bankruptcy Court may approve a motion to "pay all or pai l of a claim that arose before the filing of the petition within to twenty-one days after the Petition Date. Fed. R Bankr. P. 6003. As described in this Motion, authorization to pay the Employee litigations and Employee Benefits is critical to Debtor's reorgai l ization. Accordingly, the relief requested is necessary to avoid immediate and irreparable harm, and, therefore, Fed. R. Bankr.P. 6003 is satisfied.

**Waiver of Fed. R. Bankr. P 6004(a} and (h}**

20. Debtor requests a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Fed. R. Bankr. P. 6004(h).

**NOTICE**

21. Notice of this Motion will be given to: (i) the United States Trustee for the Eastern District of Michigan; (ii) all secured creditors; (iii) The Sub Chapter V Trustee and all unsecured creditors.

22. Debtor has not previously requested the relief sought in this Motion from this or any other court.

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A,** granting the relief requested in the Motion and additional relief as is just and equitable.

Respectfully submitted,

Dated: 9/8/2026

/s/ George E. Jacobs
George E. Jacobs (P36888)
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION**

In Re: Fenton Massage Company LLC

Case no. 26- 32023
Ch. 11
Judge: Applebaum

Debtor.

______________________/

**FIRST DAY ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND COMPENSATION**

This matter having come before the Court upon the Debtor's First Day Motion for an Order Authorizing Debtor to Pay Pre-Petition Wages, Compensation, and Employee Benefits ("Motion"); the Court having re viewed the Motion, the Declaration of Trina Moleski in support of the Motion; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED that:**

1. The Motion is granted.
2. Debtor is authorized to pay up to $10,620.05 in Unpaid Wages for the 7 days immediately preceding the Petition Date. No Employee shall be paid in excess of $17,150 as prohibited by 11 U.S.C § 507 (a) (4).
3. Debtor is authorized to withhold amounts from Employee wages and salaries consistent with Debtor's pre-petition business practice and to remit withheld amounts as required under any court orders, garnishments, and federal, state and local tax requirements associated with the Employee Obligations.

4. This Court retains jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN-NORTHERN DIVISION**

In Re: Fenton Massage Company LLC

Debtor.
______________________/

Case no. 26- 32023
Ch. 11
Judge: Daniel S. Opperman

# DECLARATION OF TRINA MOLESKI

1. That she is the majority shareholder of Fenton Massage Company LLC.

2. That she works at the Debtor full time and is responsible for the day to day operation of the Debtor.

3. That her duties include all aspects of operating the business including the scheduling of the employees, overseeing the work activities of employees and the direction of payment of employees wages and benefits.

4. That the Debtor could not operate without its employees and the retention of his employees is essential to the continued operation of the Debtor.

5. If she is not allowed to pay her employees they would not continue to work and the business would close.

6. The amount necessary to pay pre-petition wages is not more than $10,620.05.

7. The employees operate as clerical, receptionist workers and massage therapists. The owners daughter, Makeena Hulbert works in the office approximately 35 hours per week and is paid $20 per hour. A list of Debtor's employees and their pay for the effective week is attached to this declaration as exhibit "A".

/s/ Trina Moleski
Trina Moleski,
majority shareholder

Respectfully submitted,

Dated: 9/8/2026

/s/ George E. Jacobs

George E. Jacobs (P36888)
Attorney for Debtor
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

| | |
|---|---|
| Pay Period : | 8/30/2026 |
| Pay Period I | 9/5/2026 |
| Pay Date | 9/11/2026 |

| First Name | Last Name | Rate | OT Rate | DT Rate | Reg Hours | OT Hours | DT Hours | Reg Earning |
|---|---|---|---|---|---|---|---|---|
| Allison | Bluesky | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Angela | Snider | 15 | 22.5 | 30 | 6.13 | 0 | 0 | 91.95 |
| Aubrey | Parker | 15 | 22.5 | 30 | 9.9 | 0 | 0 | 148.5 |
| Brooklyn | Kovach | 15 | 22.5 | 30 | 23.52 | 0 | 0 | 352.8 |
| Cameron | Martin | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Emily | Walters | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Emma | Watson | 15 | 22.5 | 30 | 19.15 | 0 | 0 | 287.25 |
| Emma | Epley | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Heather | West | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Isaac | Gibby | 15 | 22.5 | 30 | 23.98 | 0 | 0 | 359.7 |
| Jamie | Crawford | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Jamie | Tyler | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| James | Horn | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Jonathan | Wood | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Kellie | Olson | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Krista | Frohm | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Alexis | Reno | 15 | 22.5 | 30 | 6.63 | 0 | 0 | 99.45 |
| Mareena | Hulbert | 20 | 30 | 40 | 33.82 | 0 | 0 | 676.4 |
| Natalie | Beck | 0 | 0 | 0 | 30 | 0 | 0 | 0 |
| Riley | Roark | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Shari | Ray | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Shelbey | Spielmaker | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Taylor | McNeil | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total | | | | | 153.13 | 0 | 0 | 2016.05 |

Withdrawal Summary

| | |
|---|---|
| Work Addre | 1250 N Leroy St Fenton MI 48430 |
| Net Pay: Di | 8093.51 |
| EE Direct D | 8093.51 |
| EE Fed. Inc | 576 |
| EE Soc. Sec | 609.53 |
| EE Medicar | 142.55 |
| EE MI State | 409.46 |
| ER Fed. Un | 16.17 |
| ER Soc. Sec | 609.53 |
| ER Medicar | 142.55 |
| ER MI State | 20.75 |
| ER MI Oblig | 0 |
| Total Debit | 10620.05 |

| | |
|---|---|
| Payroll Tota | 10620.05 |

Notes

| | |
|---|---|
| EE | Employee |
| ER | Employer |
| OT | Overtime |
| DT | Double time |
| PTO | Paid Time Off |

Net pay excludes tips already paid

| OT Earnings | DT Earnings | Additional I | Paycheck T | Tips Already | Commissio | Gross Pay | EE Fed. Inc | EE Soc. Sec |
|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 57 | 0 | 312.5 | 369.5 | 6 | 22.91 |
| 0 | 0 | 0 | 0 | 0 | 0 | 91.95 | 10 | 5.7 |
| 0 | 0 | 0 | 0 | 0 | 0 | 148.5 | 0 | 9.2 |
| 0 | 0 | 0 | 0 | 0 | 0 | 352.8 | 4 | 21.87 |
| 0 | 0 | 0 | 166 | 0 | 752.5 | 918.5 | 117 | 56.95 |
| 0 | 0 | 0 | 96 | 0 | 412.5 | 508.5 | 20 | 31.53 |
| 0 | 0 | 0 | 0 | 0 | 0 | 287.25 | 0 | 17.8 |
| 0 | 0 | 0 | 30 | 0 | 122.5 | 152.5 | 0 | 9.45 |
| 0 | 0 | 0 | 212 | 0 | 610 | 822 | 57 | 50.96 |
| 0 | 0 | 0 | 0 | 0 | 0 | 359.7 | 5 | 22.31 |
| 0 | 0 | 0 | 54 | 0 | 240 | 294 | 0 | 18.23 |
| 0 | 0 | 0 | 168 | 0 | 660 | 828 | 57 | 51.33 |
| 0 | 0 | 0 | 56 | 0 | 475 | 531 | 50 | 32.93 |
| 0 | 0 | 0 | 177 | 0 | 560 | 737 | 46 | 45.7 |
| 0 | 0 | 0 | 195 | 0 | 955 | 1150 | 96 | 71.3 |
| 0 | 0 | 0 | 55 | 0 | 95 | 150 | 0 | 9.3 |
| 0 | 0 | 0 | 0 | 0 | 0 | 99.45 | 0 | 6.17 |
| 0 | 0 | 0 | 0 | 0 | 0 | 676.4 | 39 | 41.94 |
| 0 | 0 | 0 | 0 | 0 | 130 | 130 | 15 | 8.06 |
| 0 | 0 | 0 | 10 | 0 | 35 | 45 | 0 | 2.79 |
| 0 | 0 | 0 | 20 | 0 | 35 | 55 | 0 | 3.41 |
| 0 | 0 | 0 | 80 | 0 | 307.5 | 387.5 | 8 | 24.03 |
| 0 | 0 | 0 | 114 | 0 | 622.5 | 736.5 | 46 | 45.66 |
| 0 | 0 | 0 | 1490 | 0 | 6325 | 9831.05 | 576 | 609.53 |

| EE Medicar | EE MI State | Net Pay | On-Deman | On-Deman | Check or Di | Payment M | ER Taxes | Work Addre |
|---|---|---|---|---|---|---|---|---|
| 5.35 | 15.7 | 319.54 | 0 | 0 | 319.54 | Direct Depo | 28.26 | 1250 N Lero |
| 1.33 | 0 | 74.92 | 0 | 0 | 74.92 | Direct Depo | 8.29 | 1250 N Lero |
| 2.15 | 6.31 | 130.84 | 0 | 0 | 130.84 | Direct Depo | 13.38 | 1250 N Lero |
| 5.12 | 14.99 | 306.82 | 0 | 0 | 306.82 | Direct Depo | 31.83 | 1250 N Lero |
| 13.32 | 39.04 | 692.19 | 0 | 0 | 692.19 | Direct Depo | 70.27 | 1250 N Lero |
| 7.38 | 21.61 | 427.98 | 0 | 0 | 427.98 | Direct Depo | 38.91 | 1250 N Lero |
| 4.17 | 12.21 | 253.07 | 0 | 0 | 253.07 | Direct Depo | 25.91 | 1250 N Lero |
| 2.21 | 6.48 | 134.36 | 0 | 0 | 134.36 | Direct Depo | 13.75 | 1250 N Lero |
| 11.92 | 34.94 | 667.18 | 0 | 0 | 667.18 | Direct Depo | 74.14 | 1250 N Lero |
| 5.21 | 15.29 | 311.89 | 0 | 0 | 311.89 | Direct Depo | 32.45 | 1250 N Lero |
| 4.27 | 12.5 | 259 | 0 | 0 | 259 | Direct Depo | 22.5 | 1250 N Lero |
| 12.01 | 35.19 | 672.47 | 0 | 0 | 672.47 | Direct Depo | 63.34 | 1250 N Lero |
| 7.7 | 22.57 | 417.8 | 0 | 0 | 417.8 | Direct Depo | 40.63 | 1250 N Lero |
| 10.69 | 26.5 | 608.11 | 0 | 0 | 608.11 | Direct Depo | 56.39 | 1250 N Lero |
| 16.67 | 44.05 | 921.98 | 0 | 0 | 921.98 | Direct Depo | 87.97 | 1250 N Lero |
| 2.17 | 1.55 | 136.98 | 0 | 0 | 136.98 | Direct Depo | 13.53 | 1250 N Lero |
| 1.44 | 4.23 | 87.61 | 0 | 0 | 87.61 | Direct Depo | 8.97 | 1250 N Lero |
| 9.81 | 28.75 | 556.9 | 0 | 0 | 556.9 | Direct Depo | 51.75 | 1250 N Lero |
| 1.88 | 15.53 | 89.53 | 0 | 0 | 89.53 | Direct Depo | 11.72 | 1250 N Lero |
| 0.66 | 1.91 | 39.64 | 0 | 0 | 39.64 | Direct Depo | 4.07 | 1250 N Lero |
| 0.79 | 2.34 | 48.46 | 0 | 0 | 48.46 | Direct Depo | 4.95 | 1250 N Lero |
| 5.62 | 16.47 | 333.38 | 0 | 0 | 333.38 | Direct Depo | 29.65 | 1250 N Lero |
| 10.68 | 31.3 | 602.86 | 0 | 0 | 602.86 | Direct Depo | 56.34 | 1250 N Lero |
| 142.55 | 409.46 | 8093.51 | 0 | 0 | 8093.51 | | 789 | |

ss
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430
›y St Fenton MI 48430